Judgment rendered December 3, 2025
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,543-CA
No. 56,544-CA
No. 56,545-CA
No. 56,546-CA
No. 56,547-CA
No. 56,548-CA
(Consolidated cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

No. 56,544-CA

JU'KADYNN CARTER                                    Plaintiff-Appellee

versus

STEVIE HOLLOWAY                                     Defendant-Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 85,754

Honorable Nicholas E. Gasper, Judge

* * * * *

SMITHERMAN, HILL & BRICE, L.C.   Counsel for Appellant
By: F. Weber Hill

JU'KADYNN CARTER                                   In Proper Person

* * * * *

Before PITMAN, STEPHENS, and MARCOTTE, JJ.

STEPHENS, J., concurs in the result.

**MARCOTTE, J.**

These consolidated civil appeals arise out the 42nd Judicial District Court, Parish of DeSoto, the Honorable Amy Burford McCartney and the Honorable Nicholas E. Gaspar presiding. Defendant Steve Holloway ("Holloway, Sr.") appeals the trial court's granting of three protective orders against him. Defendant Stevie Holloway ("Stevie") also appeals the trial court's granting of three protective orders against him. For the following reasons, we affirm in part, reverse in part, and remand with instructions. A separate opinion is issued for each protective order. This memorandum opinion is issued in compliance with U.R.C.A. 2-16.1(B).

### FACTS AND PROCEDURAL HISTORY

On January 3, 2025, Ju'Kadynn Carter ("Carter") filed two petitions for protective orders against Holloway, Sr., and his son, Stevie (together, "the Holloways"). He alleged in each petition that on January 1, 2025, the pair approached Kylin Boykins ("Boykins"), Carter's brother, at the Blink's Quick Stop Store/Whataburger in Joaquin, Texas, believing he was Carter. Carter said that the Holloways "swung on" Boykins and that Holloway, Sr. later "pulled a gun while Stevie had a bat." He alleged that the Holloways were determined to hurt Boykins "or do something bad to him [because] they even chased [Boykins] from Joaquin to Logansport." He claimed that there was a "big fight" in 2024, in which Stevie and Carter were involved.

On January 16, 2025, Carter filed two new petitions for protection from stalking against the Holloways alleging the same facts. For a recitation of the facts and procedural history, see *Ju'Kadynn Carter v. Steve Holloway*, 56,543 (La. App. 2 Cir. 12/3/25).

On January 16, 2025, Judge Gasper granted Carter's protective order against Stevie. Stevie now appeals

## DISCUSSION

Stevie assigns the following errors:

(1) The trial court erred in failing to apply the correct definition of stalking in accordance with La. R.S. 14:40.2.

(2) The trial court erred in finding that Stevie represented a credible threat to the physical safety of a family member, household member, or dating partner.

(3) The trial court erred in prohibiting the possession of a firearm for the duration of the protective order by Stevie pursuant to La. R.S. 46:2136.3.

(4) The trial court erred in granting the protective order for a duration of two years.

For the reasons expressed in *Ju'Kadynn Carter v. Steve Holloway*, *supra*, Stevie's first assignment of error is without merit. The trial court was correct in issuing a protective order in favor of Carter against Stevie. That part of the trial court's ruling is affirmed. For the reasons articulated in *Ju'Kadynn Carter v. Steve Holloway*, *supra*, Stevie's remaining assignments of error have merit. Stevie is not a family member, household member, or dating partner of Carter's. Therefore, the trial court should not have prohibited him from possessing a firearm. That part of the trial court's ruling is reversed. The court also erred in granting the protective order for two years. We remand the case to the trial court to reduce the fixed time for the protective order to the maximum allowable period in accordance with La. R.S. 46:2136(F).

## CONCLUSION

For the reasons stated herein, the trial court's granting of Ju'Kadynn Carter's protective order against Stevie Holloway is affirmed in part,

2

reversed in part, and remanded in accordance with this opinion.  The costs of

the appeal are assessed to appellant.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.**